# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL POSADAS-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-907-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rafael Posadas-Gonzalez challenges the sentence imposed following his guilty-plea conviction for his being unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a). He claims the sentence is procedurally and substantively unreasonable.

Pursuant to Sentencing Guideline § 4A1.3(a)(1), the district court departed upward from the advisory Guidelines sentencing range of 10- to 16-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

months' imprisonment and imposed a sentence of, *inter alia*, 30-months' imprisonment. The court also explained that, if it did not apply the Guideline § 4A1.3 departure, it "would apply an upward variance under 18 U.S.C. § 3553(a) to reach the same sentence".

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Regarding the claimed procedural error, Posadas first claims the court failed to give an adequate explanation for the sentence. Because he did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Posadas must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The requisite clear or obvious error is lacking concerning the court's explaining its reasons for Posadas' sentence. Although the explanation was delivered over the course of his sentencing hearing, "there is no error when

examining the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court". *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010) (internal quotation marks, brackets, and citation omitted).

Posadas next bases claimed procedural error on the court's considering prior-criminal convictions in applying the Guideline § 4A1.3 departure. As explained *supra*, because this issue was preserved in district court, our review is *de novo*.

Guideline § 4A1.3(a)(1) permits an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". The commentary to Guideline § 4A1.2 states that, if a court finds that a conviction excluded from the Guidelines' criminal-history calculation due to its age "is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3". U.S.S.G. § 4A1.2, cmt. n.8. In discussing the seriousness of Posadas' criminal history, the court explained it was troubled by his prior convictions for possession of a switch blade, DUI, and possession of various controlled substances.

In addition to the claimed procedural error regarding his prior convictions, Posadas contends his sentence was substantively unreasonable because the court failed to consider certain 18 U.S.C. § 3553(a) sentencing factors; and he reiterates his assertion the Guidelines adequately accounted

No. 19-40363

for his criminal history.    As discussed *supra*, a sentence's substantive reasonableness is reviewed for abuse of discretion.

Our court has rejected assertions a district court may not rely on prior convictions to support an above-guideline sentence either because they were already factored into the guideline calculation or were excluded from consideration.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (citations omitted).  Indeed, "a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence". *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (citation omitted).

After hearing the parties' assertions and Posadas' allocution, the court considered the advisory Guidelines sentencing range, provided an appropriate basis for its decision to depart upward, and listed relevant § 3553(a) factors.  It properly relied on Posadas' extensive-criminal history and the failure of an earlier similar sentence to deter him from illegal reentry.

AFFIRMED.

4